# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CARLOS DEVERS-DIVISION,

      Petitioner,

v.                                                    Case No. 8:14-cv-388-KKM-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

      Carlos Devers-Division, a Florida prisoner, filed a timely[1] *pro se* Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2254, challenging his state conviction for

attempted first degree murder based on alleged failures of his trial counsel. (Doc. 1).

Having considered the petition (*id.*), the response in opposition (Doc. 11), and Devers-

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). This one-year limitations period is tolled during the pendency of a properly filed state postconviction motion. 28 U.S.C. § 2244(d)(2). Devers-Division's conviction was affirmed on appeal on March 5, 2010. His one-year limitations period began running on June 4, 2010, after expiration of the 90-day window to petition for a writ of certiorari in the United States Supreme Court. *See Bond v. Moore*, 309 F. 3d 770 (11th Cir. 2002). Devers-Division allowed 314 days of untolled time to expire before he filed his state postconviction motion on April 14, 2011. That motion remained pending until the state appellate court's mandate issued on September 22, 2014. Devers-Division filed his § 2254 petition on February 10, 2014, prior to the conclusion of his state court proceedings. Accordingly, less than one year of untolled time elapsed, and his petition is timely.

Division's amended reply (Doc. 25), the Court orders that the petition is denied. Furthermore, a certificate of appealability is not warranted.

## I. BACKGROUND

### A. Procedural History

A jury convicted Devers-Division of one count of attempted first-degree murder with a firearm causing great bodily harm. (Doc. 12, Ex. A2). He was sentenced to 40 years in prison. (Doc. 12, Ex. A3). The state appellate court per curiam affirmed the conviction and sentence. (Doc. 12, Ex. B4). Devers-Division unsuccessfully moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 12, Exs. C1, C3). The state appellate court per curiam affirmed the postconviction court's denial of relief. (Doc. 12, Ex. C8).[2]

### B. Factual Background[3]

On February 17, 2008, a group of acquaintances gathered at an apartment complex. Devers-Division became involved in an argument. (Doc. 12, Ex. B1, p. 7). Accounts of the argument varied. (Doc. 12, Ex. B1, pp. 7-10). By the end of the incident, Holden Vega suffered multiple gunshot wounds. (Doc. 12, Ex. A4, pp. 254-55; Ex. B1, p. 9).

---

[2] Devers-Division was also convicted of one count of aggravated battery with a firearm causing great bodily harm. (Doc. 12, Ex. A2). The state trial court later granted Devers-Division's motion to "merge and dismiss" this conviction. (*See* Doc. 12, Ex. C3, p. 1).

[3] The factual background is derived from the trial transcript and appellate briefs.

Vega testified that Devers-Division was arguing and physically fighting with Rachel Kopp. (Doc. 12, Ex. A4, p. 245-46). Vega intervened and threw Devers-Division on the ground. (*Id.*, pp. 246-50). Vega turned around to walk away when he "blanked out." (*Id.*, pp. 250-51).

Yonathan Pichardo, a friend of Devers-Division, was at the apartment complex getting ready to leave in his car when he heard a bang. (*Id.*, p. 336). Devers-Division knocked on his car window, got in the car, and told Pichardo to go. (*Id.*, p. 341). Devers-Division also told Pichardo "le tire, le tire." (*Id.*).[4]

Kopp told a responding officer, Deputy Christopher Dina, that Devers-Division shot the victim. (*Id.*, p. 296). Kopp also told two other responding officers, Detective Gary Harris and Deputy Jarryd Latona, that she saw Devers-Division take a firearm out of Pichardo's vehicle and point it at Jayleen "Reyna" Torres. (*Id.*, pp. 467-68, 507, 509). However, police did not develop any witnesses who testified to seeing the shooting. (*Id.*, pp. 488, 510).

When police interviewed Devers-Division, he initially denied shooting Vega. (Doc. 12, Ex. B1, p. 11; Ex. B2, p. 9). Subsequently, he stated that the shooting was an accident and that he did not intend to hit Vega. (Doc. 12, Ex. B1, pp. 11-12; Ex. B2,

---

[4] The interpreter who translated Pichardo's testimony stated that "le tire" can have different meanings in Spanish, including "I shot him", "I threw a punch", or "I threw a rock." (Doc. 12, Ex. A4, p. 343). Gloria Munoz, who translated the recordings in this case, testified that "le tire" has many possible meanings. Depending on the context, she stated, it can mean "I threw", "I hit", or "I got", or it can mean "to shoot." (*Id.*, p. 529).

pp. 9-10). Doctors recovered a bullet fragment while treating Vega at the hospital. (Doc. 12, Ex. A4, pp. 280, 284). Police recovered a spent 9 mm bullet casing and a 9 mm bullet from the scene. (Doc. 12, Ex. A4, pp. 276, 278, 295, 429; Ex. B1, p. 10). Upon examination, the government proved that the kind of bullet recovered from the scene matched the same kind of ammunition that would have been fired from a 9 mm pistol which an undercover officer bought in March 2008 from Jonathan Illarazza, who was friends with Devers-Division. (Doc. 12, Ex. A4, pp. 414-19; 427-29; Ex. B1, p. 10). Vega testified that the day before the shooting, Devers-Division showed him the 9 mm pistol later obtained from Illarazza. (Doc. 12, Ex. A4, pp. 256-57, 259).

## II.  STANDARDS OF REVIEW OF AN APPLICATION UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Id.* at 412. A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

For purposes of § 2254(d)(2), a state court's findings of fact are presumed correct. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the state court, including the credibility findings, are presumed to be correct . . . ."). A petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. § 2254(e)(1).

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling

on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Id.* The state may contest "the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.*

In addition to satisfying the deferential standard of federal court review of a state court adjudication, a federal habeas petitioner must exhaust his claims by raising them in state court before presenting them in a federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal

court in a habeas petition."). A petitioner satisfies this exhaustion requirement if he fairly presents the claim in each appropriate state court and alerts that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## III. <u>INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD</u>

Devers-Division brings several claims for ineffective assistance of counsel under the Sixth Amendment. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' " *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

## IV. <u>ANALYSIS</u>

### A. <u>Grounds One, Three, And Four</u>

#### 1. <u>Postconviction Proceeding</u>

In Ground One, Devers-Division asserts that trial counsel was ineffective for arguing that he was not the shooter and for misadvising him about the importance of testifying. In Ground Three, Devers-Division contends that trial counsel was ineffective for failing to raise the circumstantial evidence standard in moving for judgment of acquittal, thereby failing to adequately argue the motion and preserve the circumstantial evidence issue for appeal. In Ground Four, he argues that trial counsel was ineffective for failing to investigate "whether the State could prove that the bullet fragment recovered from the victim was the actual fragment" and in not moving to suppress the bullet fragment. (Doc. 1, p. 13). Devers-Division's petition states that he raised all of these claims in his Rule 3.850 motion and on appeal from the denial of the motion. (*Id.*, pp. 7-8, 12-13, 15-16).

Respondent asserts that Devers-Division failed to exhaust these claims because he did not brief them on collateral appeal. Devers-Division's appellate brief stated, "the trial court's findings of fact and conclusions of law in regards to claim[s] two, three[,]

five, six, seven, and eight of Appellant's Rule 3.850 motion are incorrect and require reversal for a new trial." (Doc. 12, Ex. C5, p. 14).[5] However, Devers-Division did not argue why the postconviction court erred in its findings of fact and conclusions of law. (*Id.*). No other part of his brief addressed the merits of these claims. (Doc. 12, Ex. C5).

Because the state court denied Devers-Division's Rule 3.850 motion after an evidentiary hearing, he was required to brief every claim he wanted the state appellate court to consider. *See* Fla. R. App. P. 9.141(b)(3)(C) (requiring briefing when at least one claim in a postconviction motion is resolved after an evidentiary hearing); *see also Cunningham v. State*, 131 So.3d 793 (Fla. 2d DCA 2012).

The State argued that Devers-Division's cursory allegation of error, without further argument or explanation, resulted in the waiver of these claims. (Doc. 12, Ex. C6, pp. 24-25). *See Heath v. State*, 3 So.3d 1017, 1029 n.8 (Fla. 2009) ("Heath has waived his cumulative-error claim because his brief includes no argument whatsoever and instead consists of a one-sentence heading in his brief."); *Marshall v. State*, 854 So.2d 1235, 1252 (Fla. 2003) (stating that issues raised without argument in an appellate brief are "insufficiently presented for review."); *Johnson v. State*, 660 So.2d 637, 645 (Fla. 1995) (stating that available issues that are not briefed are barred from review); *Duest v. Dugger*, 555 So.2d 849, 852 (Fla. 1990) ("The purpose of an appellate brief is to present

---

[5] The claims raised in Grounds One, Three, and Four of Devers-Division's federal habeas petition were presented in Grounds Three, Eight, and Two, respectively, of his Rule 3.850 motion. (Doc. 12, Ex. C1).

arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").

The state appellate court silently affirmed in a per curiam opinion. And, at least in certain circumstances, this Court must presume that the state appellate court's silent affirmance rested on the procedural bar argued by the State "in the absence of any evidence to the contrary." *Moore v. Sec'y, Fla. DOC*, 762 F. App'x 610, 621 (11th Cir. 2019) (quoting *Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir. 1989)) (assuming without expressing deciding that *Bennett*'s presumption applies in similar context). "When a state court issues a summary denial on a claim that is procedurally barred and nothing in the disposition discusses the merits of the federal claim, we 'cannot assume that had the [state court] explained its reasoning, it would have reached the merits of [the] claim.'" *Ziegler v. Crosby*, 345 F.3d 1300, 1310 (11th Cir. 2003) (quoting *Kight v. Singletary*, 50 F.3d 1539, 1545 (11th Cir. 1995)). Accordingly, the Eleventh Circuit "to a point has presumed that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default." *Bennett*, 863 F.2d at 807. Because there is no evidence to the contrary—namely, there is nothing indicating that the state appellate court affirmed on the merits instead of on the procedural failure to brief the claims—this Court cannot now review these defaulted claims.

Devers-Division failed to exhaust the ineffective assistance claims raised in Grounds One, Three, and Four on collateral appeal as required under Florida law. Devers-Division cannot return to state court to exhaust the claims because state rules do not provide for successive collateral appeals. *See* Fla. R. Crim. P. 3.850(k) (providing that an appeal may be taken within 30 days of the rendition of a final order disposing of a Rule 3.850 motion). Accordingly, the claims are procedurally defaulted. *See Smith*, 256 F.3d at 1138. And Devers-Division has not demonstrated that an exception applies to excuse the default.

But even if the state appellate court's affirmance rested on an implicit merits determination thereby requiring this Court to "look through" to the postconviction court's reasoning, *see Sellers*, 138 S.Ct. at 1192, the postconviction court did unreasonably apply *Strickland* nor was its decision based on an unreasonable factual determination.

As to Ground One, the state court found that counsel presented a reasonable trial strategy, with which Devers-Division agreed, that the evidence did not demonstrate an intent to commit the offenses. (Doc. 12, Ex. C3, p. 53). Devers-Division fails to show that counsel's decision to present this defense was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. The state court also found that counsel did not perform deficiently in advising Devers-Division about testifying at trial and that, in any event, Devers-Division failed to show a reasonable probability of a different outcome had he testified because his statement to police was

presented to the jury. (Doc. 12, Ex. C3, pp. 53-55). In the light of his police statement, Devers-Division fails to show *Strickland* prejudice as result of any advice not to testify.

With respect to Ground Two, the state court determined that counsel was not ineffective for failing to raise Florida's circumstantial evidence standard in moving for a judgment of acquittal because Devers-Division failed to state specific facts showing that he would have prevailed under that standard. (Doc. 12, Ex. C3, p. 55). This Court must defer to the state court's determination of this underlying state law question in assessing Devers-Division's ineffective assistance claim.[6]

Finally, on Ground Three, the state court found that Devers-Division failed to show that a motion to suppress was the proper vehicle to challenge the admissibility of the bullet fragment and that counsel instead made appropriate objections at trial to the introduction of the bullet based on lack of foundation. The state court also found credible counsel's evidentiary hearing testimony that he had no reason to question the chain of custody of the bullet fragment. (Doc. 12, Ex. C3, pp. 51-52). Devers-Division does not establish that counsel performed deficiently in challenging the admissibility of the bullet fragment by raising objections during trial, rather than in a motion to suppress. Further, he does not show that the state court erred in crediting counsel's testimony that no basis existed to question the chain of custody.

---

[6] Florida's circumstantial evidence standard, and the deference that this Court must afford to the state court's determination of a state law question, is discussed in more detail in Section IV.A.2.

Accordingly, federal habeas review of Grounds One, Three, and Four as raised in Devers-Division's postconviction proceeding is procedurally barred. In the alternative, the postconviction court did not unreasonably apply *Strickland* nor was it based on an unreasonable factual determination.

## 2. <u>Direct Appeal</u>

Although Devers-Division does not mention his direct appeal in Ground Three, he also raised the ineffective assistance claim presented in Ground Three on direct appeal. (Doc. 12, Ex. B1, pp. 23-27). Claims of ineffective assistance of trial counsel are not cognizable on direct appeal in Florida unless ineffectiveness is apparent on the face of the record such that requiring a petitioner to bring the claim on collateral review would waste judicial resources. *Robards v. State*, 112 So.3d 1256, 1266-67 (Fla. 2013). The State did not argue a procedural bar in its appellate brief. (Doc. 12, Ex. B2, pp. 17-19). Assuming that the state appellate court reviewed the merits of Devers-Division's ineffective assistance claim (although its order affirming the conviction did not address it), Devers-Division fails to show entitlement to relief under the AEDPA.

Devers-Division contends that trial counsel was ineffective for not raising Florida's unique circumstantial evidence standard when counsel moved for a judgment of acquittal. This standard provides that "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction

cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 460 (11th Cir. 2015) (quoting *Thorp v. State*, 777 So.2d 385, 389 (Fla. 2000)). Florida's standard for circumstantial evidence cases "differs greatly" from the federal standard of review. *Preston*, 785 F.3d at 460.[7] The federal standard, articulated in *Jackson v. Virginia*, asks whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. 307, 319 (1979).

The application of Florida's circumstantial evidence standard involves an underlying question of state law. By rejecting Devers-Division's ineffective assistance claim, the state appellate court determined that an argument made under the state law circumstantial evidence standard would have failed. This Court must defer to the state court's decision of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[The United States Supreme Court has] repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Pinkney v. Secretary, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' [a federal court] 'must defer to the state's construction of its own law' when

---

[7] Florida has eliminated its distinct standard of review in circumstantial evidence cases and now follows the federal standard in all cases. *Bush v. State*, 295 So.3d 179 (Fla. 2020). However, the circumstantial evidence standard was in effect at the time of Devers-Division's trial and direct appeal.

the validity of the claim that . . . counsel failed to raise turns on state law." (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984))). This Court cannot therefore overturn the state court's determination of state law, even if its determination is intertwined with an ineffective assistance of counsel claim under the Sixth Amendment.

Accepting the state law determination as this Court must, Devers-Division does not otherwise show that the state appellate court's rejection of his claim involved an unreasonable application of *Strickland* or was based on an unreasonable factual determination. He is not entitled to relief on Ground Three.

**B. <u>Ground Two</u>**

Devers-Division claims that trial counsel was ineffective for not redacting portions of his recorded police interview, which the state played at trial. He contends that several times, police called him a liar and either said or implied that other witnesses and evidence showed he was guilty.[8]

Devers-Division claims that these portions of the recording allowed the jury "to infer that the detectives [k]new the ultimate truth and that the Petitioner was actually lying" and "made [him] out to be a 'liar.'" (Doc. 1, p. 9). Respondent concedes that

---

[8] A transcript of the recording is not included in the record before this Court. Further, it is not apparent that a transcript was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). The Court presumes, for purposes of resolving Ground Two, that the recording contained the statements Devers-Division attributes to police.

Devers-Division exhausted this claim in state court for federal habeas review. (Doc. 11, p. 13).

At the state court evidentiary hearing, Devers-Division testified that he believed being referred to as a liar discredited him such that the jury would not believe any of his statements. (Doc. 12, Ex. C4, p. 176). Trial counsel testified about why he did not move to redact portions of the recording. According to trial counsel, he believed that the detectives calling Devers-Division a liar indicated that police were upset with him. (*Id.*, pp. 197-98). Under that theory, counsel believed allowing the jury to hear the detectives' comments made Devers-Division appear credible by showing that police were "not happy with what he's telling them." (*Id.*, p. 198). Therefore, counsel stated, he did not move for redaction as a strategic matter. (*Id.*).

The state court found that trial counsel could not be deemed ineffective for failing to make a meritless objection, "in this case, for failing to move to redact the portions of Defendant's confession where the detectives called him a liar during interrogation." (Doc. 12, Ex. C3, p. 56). The state court further found that counsel's decision not to move for redaction was a reasonable strategic one, as counsel believed the identified portions of the interview made Devers-Division appear credible. (*Id.*). Therefore, the state court found Devers-Division failed to show that his counsel performed deficiently and, as a result, he also failed to show that he suffered prejudice. (*Id.*).

Devers-Division has not shown that the state court unreasonably denied his *Strickland* claim. First, as to deficient performance, this Court must defer to the state court's ruling that any redaction motion would have been meritless as a matter of state evidentiary law. *See Pinkney*, 876 F.3d at 1295. By definition, an attorney does not perform deficiently by forgoing a meritless argument. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Further, the state court's finding that counsel's choice was strategic is a finding of fact that is presumed correct. *See Franks v. GDCP Warden*, 975 F.3d 1165, 1176 (11th Cir. 2020) ("The question of whether an attorney's actions were actually the product of a tactical or strategic decision is an issue of fact, and a state court's decision concerning that issue is presumptively correct." (quoting *Provenzano v. Singletary*, 148 F.3d 1327, 1330 (11th Cir. 1998))); *DeBruce v. Comm'r, Ala. Dep't of Corr.*, 758 F.3d 1263, 1273 (11th Cir. 2014) (stating that a question "regarding whether an attorney's decision is 'strategic' or 'tactical' is a question of fact"). Devers-Division does not rebut this factual finding by clear and convincing evidence, as he must under the AEDPA. *See* 28 U.S.C. § 2254(e)(1).

To show that counsel was ineffective in making this strategic decision, Devers-Division must show that counsel's choice was patently unreasonable. *See Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (stating that counsel's strategic decision "will be held to have been ineffective assistance only if it was so patently

unreasonable that no competent attorney would have chosen it" even when the decision "appears to have been unwise in retrospect.") (quotation omitted); *see also Franks*, 975 F.3d at 1176 ("Because *Strickland* allows for a range of strategic choices by trial counsel, so too is there considerable leeway for state courts to determine the reasonableness of those choices. . . . For Franks to prevail, then, he would have to show that *no* reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct.") (emphasis in original); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) ("[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take.").

Devers-Division fails to overcome this steep hurdle. He does not demonstrate that no reasonable attorney would have forgone a motion to redact the recording. *See, e.g., Nance v. Warden, Ga. Diagnostic Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) ("[I]t is a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding. . . . [I]t is rarer still for merit to be found in a claim that challenges a strategic decision of counsel.") (quotation omitted); *Chandler*, 218 F.3d at 1314 (finding that counsel is not incompetent for performing in a particular way in a case as long as the approach taken "might be considered sound trial strategy") (quotation omitted). Finally, Devers-Division does not establish that the state court unreasonably determined that he failed

to show a reasonable probability of a different outcome absent counsel's omission, as required to obtain relief under *Strickland*.

Devers-Division does not show that the state court's decision involved an unreasonable determination of *Strickland* or was based on an unreasonable factual determination. He is not entitled to relief on Ground Two.

## C. <u>Ground Five</u>

Devers-Division contends that trial counsel was ineffective for failing to object to an inaccurate jury instruction on attempted voluntary manslaughter.[9] Devers-Division did not present this claim to the state postconviction court. (Doc. 12, Ex. C1). As Devers-Division cannot return to state court to present the claim in an untimely, successive postconviction motion, *see* Fla. R. Crim. P. 3.850(b), (h), it is procedurally defaulted. *See Smith*, 256 F.3d at 1138.[10]

---

[9] Devers-Division's petition also refers to a jury instruction on the lesser-included offense of involuntary manslaughter. (Doc. 1, p. 16). However, the jury was instructed on attempted voluntary manslaughter, not involuntary manslaughter. (Doc. 12, Ex. A4, pp. 643-53).

[10] In his reply, Devers-Division states that Respondent has waived any defense based on the exhaustion requirement by stating that the claim is "considered technically exhausted" because "it is no longer available to be raised in the state court." (Doc. 11, p. 13). The Court disagrees that this is an express waiver of the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3) (stating that the State's waiver of the exhaustion requirement must be "expressly" made). But even assuming that the response expressly waives defenses based upon the lack of exhaustion and resulting procedural default, and Devers-Division's claim is therefore entitled to *de novo* review, the claim would be denied for the same reasons stated in the body of this order.

Devers-Division argues that he meets the cause and prejudice exception to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). In recognizing a narrow exception to the rule that ineffective assistance of postconviction counsel does not constitute cause to overcome a procedural default, *Martinez* holds:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17.

To establish cause under *Martinez*, a petitioner must demonstrate that the defaulted ineffective assistance of trial counsel claim "is a substantial one, which is to say that [he] must demonstrate that the claim has some merit." *Id.* at 14. A claim that does not have any merit or that is wholly without factual support is not substantial. *See id.* at 15-16. A petitioner shows that his defaulted claim is substantial under *Martinez* by demonstrating that "reasonable jurists 'would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Clark v. Comm'r, Ala. Dep't of Corr.*, 988 F.3d 1326, 1331 (11th Cir. 2021) (quoting *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269-70 (11th Cir. 2014)).

Devers-Division fails to show that his defaulted claim is substantial. The jury was instructed:

> To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt: **The defendant**

**committed an act which was intended to cause the death of the victim** and would have resulted in the death of the victim except that someone prevented the victim [sic] from killing the victim or he failed to do so.

. . .

In order to convict of attempted voluntary manslaughter, it's not necessary for the State to prove that the defendant had a premeditated intent to cause death.

(Doc. 12, Ex. A4, pp. 650-51) (emphasis added).

Devers-Division argues that the instruction was erroneous because intent is not an element of attempted voluntary manslaughter. And if the jury had been accurately informed that intent is not an element of attempted manslaughter, Devers-Division contends there is a reasonable probability that the jury would have convicted him of attempted voluntary manslaughter because intent was at issue in his trial. (Doc. 1, p. 17). He argues that "the erroneous inclusion of the intent element likely caused the jury to disregard the lesser offense or arrive at a decision they otherwise would not have." (*Id.*).

Devers-Division fails to show that his claim is substantial under either prong of *Strickland*. First, he has not demonstrated that counsel performed deficiently. Devers-Division's trial was held on October 22-23, 2008. The instruction provided was consistent with the standard instruction for attempted voluntary manslaughter in effect at the time of the trial. *See* Fla. Std. Jury Instr. (Crim.) 6.6 (2008). It was not until 2014 that the identified language in the instruction (which was re-named attempted manslaughter by act) was amended. *In re Standard Jury Instructions in Criminal Cases—*

*Instruction 6.6*, 132 So.3d 1124 (Fla. 2014).[11] Devers-Division does not argue or show that the instruction was invalid prior to the 2014 amendment.

Counsel is not ineffective for declining to object to a jury instruction that is consistent with the standard instructions approved by the Florida Supreme Court. *See Conrad v. Sec'y, Fla. Dep't of Corr.*, 663 F. App'x 746, 753 (11th Cir. 2016) (finding that a petitioner failed to satisfy *Strickland*'s prejudice prong as "Florida precedent indicates that trial counsel's failure to object to standard jury instructions that had not been invalidated by the Florida Supreme Court do[es] not render counsel's performance deficient."); *see also Griffin v. State*, 866 So.2d 1, 15 (Fla. 2003) ("[I]t is not deficient performance when counsel fails to object to a standard instruction which has not been invalidated by [the Florida Supreme] Court." (citing *Thompson v. State*, 759 So.2d 650, 665 (Fla. 2000))). Accordingly, Devers-Division does not establish that counsel's performance was deficient.

Further, Devers-Division fails to show prejudice. While he contends that intent was at issue, the jury did not believe the shooting was accidental. By finding Devers-Division guilty of attempted first degree murder, the jury determined that he acted with

---

[11] The amended instruction provides that the State must show that the "[d]efendant intentionally committed an act . . . which would have resulted in the death of (victim) except that someone prevented (defendant) from killing (victim) or [he][she] failed to do so." *Id.* at 1126.

premeditated intent to kill Vega.[12] Accordingly, Devers-Division fails to show a reasonable probability that the outcome of trial would have been different had the jury been instructed differently on attempted voluntary manslaughter, a lesser offense. The jurors were instructed that if they "return[ed] a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt." (Doc. 12, Ex. A4, p. 661). *See, e.g.*, *Sanders v. State*, 946 So.2d 953, 956 (Fla. 2006) (reviewing a claim that counsel was ineffective for not requesting a jury instruction on a lesser-included offense and stating that "a defendant cannot, as a matter of law, demonstrate prejudice by relying on the possibility of a jury pardon" through conviction of a lesser offense when the jury convicted the defendant of the greater offense). At bottom, Devers-Division's argument rests on an implicit jury nullification argument, which this Court cannot consider for purposes of considering prejudice under *Strickland*.

Devers-Division fails to show that his defaulted ineffective assistance claim is substantial so as to warrant application of the cause and prejudice exception under *Martinez*. He does not demonstrate that the fundamental miscarriage of justice exception applies to overcome the default. As Devers-Division fails to overcome the default, Ground Five is barred from federal habeas review.

---

[12] The jury was instructed that, to find Devers-Division guilty of attempted first-degree murder, they must find that the State proved beyond a reasonable doubt that Devers-Division acted with a premeditated design to kill the victim. (Doc. 12, Ex. A4, p. 647). The instructions further provided that "[a] premeditated design to kill means that there was a conscious decision to kill. The decision must be present in the mind at the time the act was committed." (*Id.*).

## V. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Devers-Division must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Devers-Division has not made the requisite showing. Finally, because Devers-Division is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

It is therefore **ORDERED** that Devers-Division's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Devers-Division and to **CLOSE** this case.

ORDERED in Tampa, Florida, on June 23, 2021.

Kathryn Kimball Mizelle
United States District Judge